HARRIS, J.,
concurring specially:
I concur with Judge Dauksch because I find section 934.03(2)(c), Florida Statutes, neither complicated nor ambiguous:
It is lawful under- §§ 934.03-934.09 for an investigative or law enforcement officer or a person acting under the direction of an investigative or law enforcement officer to intercept a wire, oral, or electronic communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act. (emphasis added).
The statute simply does not require that the evidence being sought must relate to the criminality of the unconsenting communicant. Here, the witness was assisting law enforcement in the investigation of alleged sexual acts committed on a thirteen year old girl who had suddenly become unavailable. Law enforcement believed that the mother of the young girl (the objecting communicant) might know the girl’s whereabouts and might reveal this information to the cooperating witness but not to law enforcement. This appears to be a reasonable exception to the prohibitions contained in section 943.03(1), and one the legislature intended, and I concur.